UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHI L. HIGH,

           Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

           Defendant.

CASE NO. C10-5854BHS

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 21), Plaintiff Kathi L. High's ("High") objections to the R&R (Dkt. 22), and Defendant Michael J. Astrue, Commissioner of Social Security's ("Commissioner") response (Dkt. 23).

**I. PROCEDURAL HISTORY**

On November 29, 2010, High filed a complaint requesting judicial review of an administrative law judge's ("ALJ") decision that she was not disabled. Dkt. 3. On December 14, 2011, Judge Creatura issued the R&R recommending that the Court affirm the ALJ's decision that High is not disabled. Dkt. 21. On December 28, 2011, High filed

objections to the R&R.  Dkt. 22.  On January 9, 20, the Commissioner responded.  Dkt. 23.

## II. DISCUSSION

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(B).  In this case, High objects to three main portions of the R&R, which are addressed below.

### A. Evaluation of the Medical Evidence

High argues that the ALJ erred in evaluating the medical evidence by not providing specific and legitimate reasons for the extent to which he relied on the opinions of multiple treating and examining physicians. Dkt. 22 at 1-10.  Judge Creatura found that the ALJ considered conflicting evidence from the treating and examining physicians and was well within his authority to rely on some and not others to varying degrees.  Dkt. 21 at 10-28.

#### 1. Dr. Sui

Judge Creatura found that the ALJ had at least two valid reasons for rejecting the opinion of Dr. Sui, High's treating physician.  However, even if the Court accepts High's argument that the reason regarding the degree of impairments is invalid because the ALJ did not explicitly reply upon it, the Court concludes that the ALJ still had a valid reason for rejecting Sui's opinion.  In his decision, the ALJ states that he is giving little weight to Dr. Sui's opinions regarding High's psychological conditions because "she is relying

on the claimant's subjective statements only, and her opinion is not based upon any objective testing." Dkt. 21 (citing TR 19). As discussed in the R&R (Dkt. 21 at 18-21), the lack of objective testing and the inference, based on Dr. Sui's records, that she relied heavily on High's subjective statements, are valid considerations for the ALJ to make when determining the weight to be given a medical opinion. *See Morgan v. Coom'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (stating that "[a] physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted (internal quotation marks omitted)). High fails to show error in either the ALJ's decision, or Judge Creatura's opinion, discussing these valid reasons for rejecting Dr. Sui's opinion. The ALJ provided specific and legitimate reasons supported by substantial evidence in the record to discount Dr. Sui's opinions based on her reliance on High's subjective account of her symptoms and Dr. Sui's lack of objective testing. Accordingly, the Court adopts the R&R on this issue.

**2. Dr. Moore**

Judge Creatura found that while High's testimony did not fully support Dr. Moore's opinion and that some contradictions exist between the opinion of Dr. Moore and some of the other medical evidence supplied by doctors in this case, there is much objective evidence to support Dr. Moore's medical opinions. Dkt. 21 at 15. In the R&R, Judge Creatura discusses specific examples of objective evidence that supports Dr. Moore's opinion. *Id*. at 7-9, 15-17. High fails to show that the ALJ improperly concluded that more weight should be given to Dr. Moore's opinion as opposed to other

evidence presented. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Therefore, the Court adopts the R&R on this issue.

### 3. Dr. Smith and Dr. Michels

Judge Creatura found that the ALJ properly assessed the medical opinions of Dr. Smith and Dr. Michels and appropriately supported his finding that Dr. Moore's opinion regarding High's mental residual functional capacity should be given greater weight than that of Dr. Smith and Dr. Michels. *See* Dkt. 21 at 21-26. As Judge Creatura states in the R&R, "the ALJ is responsible for resolving ambiguities and conflicts in the medical evidence." *Id.* at 23, 26 (citing *Reddick*, 157 F.3d at 722). Indeed, "[i]t is not the job of the court to reweigh the evidence: If 'the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.'" Dkt. 21 at 23, 26 (citing *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)). High has failed to show how Judge Creatura erred in finding that the ALJ's conclusion must be upheld. Accordingly, the Court concludes that the ALJ's assessment of Dr. Smith's and Dr. Michel's opinions were proper and that the ALJ's residual function capacity assessment is not invalid due to any failure by the ALJ to include all of the functional limitations assessed by Dr. Smith or Dr. Michels. Therefore, the Court adopts the R&R on these issues.

### 4. Dr. Clifford

Judge Creatura found that, although the ALJ stated that he gave substantial weight to Dr. Clifford's opinion, to the extent he "rejected any functional limitations opined by Dr. Clifford, the ALJ sufficiently referenced specific evidence in the medical record to

reject such functional limitations." Dkt. 21 at 28.  In her objections, High argues that the ALJ erred in his evaluation of Dr. Clifford because such evaluation was internally inconsistent.  Dkt. 22 at 9-10.  Specifically, High argues that the ALJ erred in giving Dr. Clifford's opinion substantial weight but rejecting the functional limitations given by Dr. Clifford without explanation.  *Id*.  The Court concludes that Judge Creatura correctly found that the ALJ gave sufficient specific and legitimate reasons for not crediting fully Dr. Clifford's opinion to the extent that he didn't include all functional limitations contained in his opinion.  *See* Dkt. 21 at 27-28.  As Judge Creatura found, the ALJ accomplished this by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.  *See id*.  Therefore, the Court adopts the R&R on this issue.

**B.     Evaluation of High's Testimony**

Judge Creatura found that the ALJ did not err in his evaluation of High's testimony.  High argues that even if this was a proper finding, Judge Creatura erred in not addressing High's argument that the ALJ's analysis of her testimony was tainted by his failure to properly evaluate and fully credit the medical opinion evidence of Dr. Sui, Dr. Smith, Dr. Michels, and Dr. Clifford.  For the reasons discussed above, the Court concludes that Judge Creatura properly found that the ALJ did not err in evaluating the medical evidence.  Accordingly, the ALJ did not err in evaluating High's testimony based on his evaluation of the medical evidence.  Therefore, the Court adopts the R&R on this issue.

## C. Lay Witness Testimony

High argues that the ALJ failed to properly evaluate the testimony of Bobby High, High's mother, regarding Bobby High's observations of High's symptoms and limitations. Dkt. 22 at 11. High's objections are almost identical to her opening brief. Compare *id*. with Dkt. 16 at 14-15. Judge Creatura cited specific reasons the ALJ stated for discounting Bobby High's testimony and, ultimately, disagreed with High. Dkt. 21 at 29-30. The Court has reviewed the record and also disagrees with High. Therefore, the Court adopts the R&R on this issue.

## D. Residual Functional Capacity and the ALJ's Step Four Finding

High argues that the ALJ erred by improperly determining her residual functional capacity and by finding, in step four of his analysis, that she could perform her past relevant work. Dkt. 22 at 12. High's arguments are essentially that the ALJ erred at these steps because the ALJ erred at the previous steps. The Court finds that, based on the record and the Court's conclusion that the ALJ did not err in evaluating the medical evidence, High's arguments and objections are without merit. Therefore, the Court adopts the R&R on these issues.

Therefore, having considered the R&R, High's objections, and the remaining record, the Court hereby finds and orders as follows:

1     (1)     The R&R (Dkt. 21) is **ADOPTED**;

2     (2)     The ALJ's decision is **AFFIRMED**; and

3     (3)     This action is **DISMISSED**.

Dated this 14th day of March, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge